**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JUSTIN COLLINS,

        Plaintiff,

v.                                        CIVIL ACTION NO.   2:26-cv-00197

VANESSA FANG, ELYSSA O. SLUTZKY,
and JAVIER E. ORTIZ,

        Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4). Before this Court is the *Application to Proceed Without Prepayment of Fees or Costs* filed by Plaintiff Justin Collins ("Plaintiff"), who is proceeding pro se in this civil action. (ECF No. 1). For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that this civil action be **DISMISSED**, and Plaintiff's Application be **DENIED** as moot.

**I.      BACKGROUND**

Plaintiff Justin Collins filed a three-sentence complaint against Defendants Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz ("Defendants") on March 13, 2026. (ECF No. 2). Specifically, the *Complaint* alleges in full, as follows:

      1.      Defendants delayed the ruling,

      2.      This case is brought on diversity,

      3.      Plaintiff demands damages over $75,000.

*Id.* at 1. Plaintiff provides a mailing address in Honolulu, Hawaii, although the envelope in which the *Application to Proceed In Forma Pauperis* arrived bears a New York City postmark. (ECF No. 1-1).

The undersigned takes judicial notice that the foregoing allegations in Plaintiff's *Complaint* and the parties involved are *identical* to other complaints filed by this same Plaintiff during the same time frame in a large number of U.S. District Courts, as set forth in the following chart, *infra*:

| Date Filed | Case Style | Case No. | U.S. Dist. Ct. |
|---|---|---|---|
| 03/11/26 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-11199 | D. Mass. |
| 03/11/26 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 8:26-cv-1058 | D. Md. |
| 03/13/26 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-250 | M.D.N.C. |
| 03/12/26 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 3:26-cv-196 | W.D.N.C. |
| 03/12/26 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-152 | D.R.I. |
| 03/12/26 | Justin Collins v. Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz | 1:26-cv-36 | W.D. Va. |

While it is wholly unclear from the record who the named Defendants are or their role in the purported events giving rise to this civil action, the undersigned takes judicial notice that Defendant Vanessa Fang was appointed as a Judge of the Housing Court, Civil Court of the City of New York, New York County, New York, in 2021; Defendant Elyssa O. Slutzky was appointed as a Judge of the New York City Civil Court, Housing Court, Kings County, New York, in 2024; and Javier E. Ortiz was appointed as a Judge of the Civil Court of the City of New York, Brooklyn Civil Part, Brooklyn, Kings County, New York, in

2024.

Another U.S. District Court has already dismissed Plaintiff's identical complaint *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. *See Collins v. Fang*, 1:26-cv-152 (D.R.I. Mar. 13, 2026). In that case, District Judge Melissa R. DuBose entered a text order stating as follows, in full:

> This plaintiff, who purports to be a resident of Honolulu, HI, contends that the three named defendants, who are not identified in any way beyond their names, "delayed the ruling." That is the sum total of information about the case offered and no federal question is identified. While the plaintiff claims diversity jurisdiction, he does not disclose the addresses (or states of residence) of the defendants, and his own address is not recognized by the United States Postal Service as a legitimate address. The plaintiff bears the burden of showing jurisdiction, and here there has been no real effort to do so. *Smith v. Roger Williams Univ. Law Sch.*, No. 1:21-cv-133-PJB-AKJ, 2023 WL 3303866, *1 (D.R.I. May 8, 2023). While the Court would ordinarily extend an opportunity to amend, in this case it does not: there are too many defects and it is evident to the Court that this is a "ghost" complaint, not brought by a real person who suffered a real injury as a result of a real violation of federal or any other law. The case is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3) and the *In Forma Pauperis* Motion (ECF No. 2) is DENIED as moot.

*Id.*

The undersigned further takes judicial notice that this case is strikingly similar to another civil action recently adjudicated by this Court, *see Mills v. Bluth*, 2:26-cv-133, at ECF No. 4 (S.D. W. Va. Feb. 26, 2026). That case involved a similar "shotgun" filing of a barebones complaint across numerous U.S. District Courts vaguely naming New York state judges as defendants. There thus appears to be an emerging pattern of what District Judge DuBose terms "ghost" complaints emerging from an unnamed source in New York.

## II.    LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis*

3

complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its

4

face." *Thomas*, 841 F.3d at 637 (quotations omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Because such deference is given to *pro se* complaints, the Court should grant leave to amend where a *pro se* complaint can be remedied by an amendment, to allow the development of a potentially-meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978) (explaining that a district court should allow *pro se* plaintiffs a reasonable opportunity to develop pleadings.); *Coleman v. Peyton*, 370 F.2d 603, 604 (4th Cir. 1965) (stating that a *pro se* plaintiff should be given an opportunity to particularize potentially viable claims). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or "conjure up questions never squarely presented" to the court. *Randolph v. Baltimore City Atates Atty.*, 14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014), *aff'd sub nom. Randolph v. New Tech*, 588 Fed. App'x 219 (4th Cir. 2014) (citations omitted)). Thus, the Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C.*

5

*Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

### III.    <u>DISCUSSION</u>

Dismissal is proper pursuant to 28 U.S.C. § 1915(e)(2). First, dismissal is proper because Plaintiff has identified no basis for this Court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As the U.S. District Court for the Western District of Oklahoma found under similar circumstances, "the factual allegations are too threadbare to decipher the basis for any claim . . . . Thus, the Complaint is subject to dismissal on jurisdictional grounds." *Mills v. Bluth*, 26-cv-322 (W.D. Okla. Feb. 23, 2026) (finding that vague reference to a "due process violation" insufficient to establish federal subject-matter jurisdiction).

Additionally, dismissal is proper because Plaintiff has identified no basis to overcome Defendants' judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991). The Defendants appear to be state-court judges, and the lawsuit appears to be premised upon these judges' action while presiding over a civil action in their respective courts. Simply put, "it is well-settled that judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983 even if such acts were allegedly done maliciously, corruptly, or in bad faith and no matter how erroneous the act may have been, and however injurious in its consequences the judicial act may have proved to the plaintiff." *Neal v. Varien*, 3:24-cv-493, 2025 WL 973617, at *5 (S.D. W. Va. Mar. 31, 2025) (citing *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992)). "Importantly, judicial immunity protects judges from more than just paying damages—it is immunity from suit altogether." *Clinton v. Groh*, 5:22-cv-00230, 2023 WL 4106222, at *1 (N.D.W. Va. June 21, 2023) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam)). Moreover, this broad immunity "is not easily cast aside." *Id*. Only two narrow exceptions to the general

6

rule exist: (1) actions not taken in the judge's judicial capacity; or (2) actions "taken in the complete absence of all jurisdiction." *Id.* None of the allegations in Plaintiff's *Complaint* give rise to a plausible inference that either of these exceptions are present in the instant action. To the contrary, Plaintiff appears to seek relief from a ruling made by the Defendants in their judicial capacity as officers presiding over an action before the state court over which they presided. Without more, Defendants are immune from suit.

Dismissal is likewise proper because Plaintiff's *Complaint* fails to set forth sufficient factual allegations to assert a plausible claim for relief; it is fundamentally insufficient to offer nothing more than a threadbare conclusion that the Defendants delayed an unspecified ruling in an unspecified lawsuit in a New York state court. *Iqbal*, 556 U.S. at 679. As the U.S. District Court for the District of North Dakota found under similar circumstances, "Plaintiff's complaint does not meet the most liberal of pleading standards[.]" *Mills v. Bluth*, 1:26-cv-47 (D. N.D. Feb. 24, 2026). The complaint does not include basic facts such as how, when, or where Plaintiff's rights were violated and what, if any, injury he suffered as a result. Consequently, it is subject to dismissal for failure to state a claim for which relief may be granted. *See id.*

As the U.S. District Court for the Northern District of North Dakota further pointed out, "[t]here is also the issue of venue." *Id.* at 3. Federal statute generally permits a plaintiff to bring a civil action in one of three places: (1) a judicial district in which any defendant resides when all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b). There is nothing in the

7

complaint to indicate that either the Plaintiff or the Defendants have any connection to West Virginia whatsoever or that any of the events giving rise to Plaintiff's claim occurred in West Virginia. Consequently, there is nothing in the record to even remotely suggest that venue is proper in this Court.

Finally, as the U.S. District Court for the Northern District of North Dakota found, under similar circumstances, "this action appears malicious." *Mills v. Bluth*, 1:26-cv-47 (D. N.D. Feb. 24, 2026). "[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed" as malicious under 28 U.S.C. § 1915. *Id.* (citing *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021); *accord McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981)). As noted *supra*, Plaintiff has filed identical actions in multiple districts. Consequently, it appears that Plaintiff's duplicative filing in this district was intended to harass rather than initiate legitimate litigation against Defendant. The U.S. District Court for the District of Rhode Island found that Plaintiff's identical litigation in that district was a "ghost" complaint that was not brought for a proper purpose. *See Collins v. Fang*, 1:26-cv-152 (D.R.I. Mar. 13, 2026). As such, dismissal is proper pursuant to 28 U.S.C. § 1915(e)(2).

## IV.   **RECOMMENDATION**

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's *Application to Proceed Without Prepayment of Fees or Costs* (ECF No. 1) and **DISMISS** this action.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED,** and a copy will be submitted to the Honorable Joseph R. Goodwin, United

States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection; further, pursuant to Rule 6(d), any unrepresented party shall have an additional three (3) days after this fourteen-day period if service is made via U.S. Mail. Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Goodwin, and to each opposing party—except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy to counsel of record and any unrepresented party.

ENTERED:   March 16, 2026

Dwane L. Tinsley
United States Magistrate Judge

9